Rick Hernandez
Hernandez Law Offices, LLC.
440 S. 6th St. P.O. Box 1039
Sunnyside, WA 98944
(509) 837-3184

Attorney for Osvaldo Lopez-Esceverre

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OSVALDO LOPEZ-ESCEVERRE,<br><br>Defendant. | No. 4:22-CR-06035-MKD-3<br><br>Defendant's Review of Presentence Investigation Report and Sentencing Memorandum |

Defendant, Osvaldo Lopez-Esceverre, by and through his attorney Ricardo Hernandez, submits the following Review of Presentence Investigation Report.

I.  PRESENTENCE INVESTIGATION REPORT:

A. Offense Level and Adjustments:

Pursuant to the Presentence Investigation Report (PSIR), the Defendant's total offense level is 27, PSIR ¶ 121.

B. Special Offense Characteristics and Role Adjustments:

Pursuant to the PSIR ¶ 63, the base offense level of 38 is decreased by 4 levels as a mitigating role is recommended. In addition, the defendant was a minor participant in any criminal activity, therefore a 2-level reduction is appropriate. PSIR ¶66. Because the defendant is a zero-

SENTENCING MEMORANDUM
- 1 -

point offender, the offense level is reduced by 2 levels. PSIR ¶69. Because the defendant meets the criteria for acceptance of responsibility, the offense level is reduced by 3 levels. PSIR ¶70, 71. The defendant has met the criteria for a 2-level safety valve reduction. The defendant believes that his total offense level is 25.

C. Criminal History:

The defendant agrees that his criminal history results in a criminal history category of I.

D. Guideline Range:

With total adjusted offense level of 25, as described above, and a criminal history category I, the guideline range is 57-71.

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553 (a)**

As this court knows, the Sentencing Guidelines are now advisory, rather than mandatory. United States v. Booker, 125 S.Ct. 738, 756-57 (2005). While the Court must consider guideline ranges, the Court is permitted to tailor the sentence in light of other statutory concerns as well. 18 U.S.C. § 3553 (a)(4).

The purpose of the Sentencing Reform Act is to…reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, [and] protect the public. Booker, at 765; 18 U.S.C. § 3553(a)(2). A district court must not

accord more weight to the Guidelines than to other factors under § 3553(a).

(1) The nature and circumstances of the offense and the history and characteristics of the defendant

The nature and circumstances of the offense was serious as Mr. Lopez-Esceverre pled guilty to Distribution of 500 Grams or More of Methamphetamine.

The defendant was encouraged to participate in this crime by his co-defendant and Uncle Agustin and his co-defendant brother Martin. Although the defendant was born in Pasco, WA, he spent the majority of his early life living in Mexico. When the defendant was approximately 16 years of age, he began working in California in construction with an Uncle for half a year and then return to Mexico for the rest of the year. In 2022, he began staying in the United States on a permanent basis. The defendant has always maintained employment as an adult.

Currently, the defendant continues to reside in California and works in construction.

In this case, the defendant's Uncle received a sentence of 151 months and his brother received a sentence of 48 months.

(2). <u>Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>

By accepting responsibility, the defendant has shown respect for the law. Any sentence that this court imposes is surely adequate to reflect the seriousness of the offense, to promote greater respect for the law, and to provide just punishment for the offense.

(3). <u>Need for the sentence to afford adequate deterrence to criminal conduct.</u>

Given the overall circumstances of the offense and the defendant's personal history, we believe that a sentence at the low end of the standard range will afford adequate deterrence to further criminal conduct.

(4). <u>Need to protect the public from further crimes of the defendant.</u>

Given the length of the recommended sentence and the recommended length of supervised release, we believe that the public will be protected from further crimes of the defendant.

(5). <u>Need for sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The defendant will avail himself of any educational or vocational training, and/or counseling that is available to her.

(6). <u>The kinds of sentences available.</u>

The court may impose any appropriate prison sentence.

(7). <u>The advisory guideline range.</u>

The advisory guideline range is 57-71 months.

## CONCLUSION

In consideration of the 18 U.S.C. 3553 (a) factors, the defendant respectfully requests that the court impose a sentence of 40-months.

DATED this 3rd day of July 2025.   Respectfully Submitted,

/s/ Ricardo Hernandez
Ricardo Hernandez

SENTENCING MEMORANDUM

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney, Caitlin Baunsgard

/s/ Ricardo Hernandez
Ricardo Hernandez